■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMACHO OLIVERO, Appellant. [13 NYS3d 408]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), entered on or about September 17, 2014, which denied defendant's CPL 440.10 motion to vacate a 2012 judgment of conviction, unanimously affirmed.

The court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]; People v Satterfield, 66 NY2d 796, 799-800 [1985]). In this post-Padilla case, defense counsel sufficiently met his obligation under Padilla v Kentucky (559 US 356 [2010]) to advise defendant of the risk of deportation arising from his guilty plea. Defendant was also advised of this risk in a notice presented to him by the prosecution, as well as in a statement by the court.

In addition to his Padilla claim, defendant argues that his

counsel affirmatively misadvised him about the immigration consequences of his plea (*see People v McDonald*, 1 NY3d 109 [2003]). However, viewed in context, counsel's reference to the "possibility" of deportation, in the event the immigration authorities took action, was not misleading or inordinately optimistic, and the record provides no reason to believe that counsel told defendant that after pleading guilty to third-degree drug possession he would still be eligible for citizenship.

Defendant also argues that his attorney rendered ineffective assistance in the plea bargaining process, in that he failed to minimize the immigration consequences of the conviction by obtaining a plea to a drug felony based on the weight of the drugs rather than intent to sell. However, the submissions on the motion failed to demonstrate any reasonable probability that the People would have made such an offer (*see Lafler v Cooper*, 566 US —, —, 132 S Ct 1376, 1384-1385 [2012]).

In any event, with regard to all of defendant's claims, we conclude that defendant has not established prejudice. There is no indication that but for his attorney's allegedly deficient performance, defendant would have proceeded to trial instead of pleading guilty (*see People v Hernandez*, 22 NY3d 972, 975-976 [2013]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.