THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KINGSLEY AISEWOMHONIO, Appellant. [16 NYS3d 764]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Brennan, J.), imposed July 21, 2010, upon his conviction for violation of probation, upon his plea of guilty, the sentence being a definite term of one year of imprisonment.

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment from one year to 364 days.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v DeSimone*, 80 NY2d 273, 283 [1992]) and, thus, does not

preclude him from seeking a reduction of his sentence in the interest of justice.

Since the defendant has served his one-year term of imprisonment, the question of whether the one-year sentence should be reduced would ordinarily be academic (*see People v Nicholson*, 31 AD3d 468 [2006]). However, because the one-year sentence may have potential immigration consequences (*see People v Cardenas*, 123 AD3d 940 [2014]; *People v Bakare*, 280 AD2d 679 [2001]; *People v Cuaran*, 261 AD2d 169 [1999]), the question of whether the sentence should be reduced is not academic (*see People v Cardenas*, 123 AD3d 940 [2014]; *Matter of Jonathan E.*, 119 AD3d 943 [2014]).

Considering all the relevant circumstances of this case, including the potential immigration consequences to the defendant, we conclude that his sentence should be reduced by one day (*see People v Weston*, 98 AD3d 1066, 1067 [2012]; *People v Bakare*, 280 AD2d 679 [2001]; *People v Cuaran*, 261 AD2d 169 [1999]; *cf. People v Serrano*, 129 AD3d 997 [2015]). Eng, P.J., Rivera, Hall, Austin and Cohen, JJ., concur.