604

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Kron, J.), dated June 9, 2015, which denied, without a hearing, his motion pursuant to CPL article 440, inter alia, in effect, to vacate a judgment of the same court (Camacho, J.) rendered February 3, 2012, convicting him of grand larceny in the fourth degree, upon his plea of guilty, on the ground that he was deprived of the effective assistance of counsel by his attorney's allegedly erroneous advice regarding the immigration consequences of his plea.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPL 440.10 (1) (h), in effect, to vacate the judgment, and substituting therefor a provision granting that branch of the defendant's motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

In 2011, the then 17-year-old defendant, a citizen of Jamaica who immigrated to the United States at the age of six or seven, was charged with various crimes in two separate indictments. On January 13, 2012, the defendant pleaded guilty to burglary in the second degree (Penal Law § 140.25 [2]), in full satisfaction of indictment No. 2136/11. On the same date, the defendant pleaded guilty to grand larceny in the fourth degree (Penal Law § 155.30), in full satisfaction of indictment No. 1521/11, which was an 11-count indictment. With respect to the burglary conviction, the Supreme Court adjudicated the defendant a youthful offender and sentenced him to an indeterminate term of imprisonment of 1⅓ to 4 years. With respect to the grand larceny conviction, the court sentenced the defendant, without affording youthful offender treatment, to an indeterminate term of imprisonment of 1 to 3 years, to run concurrently with the sentence on the burglary conviction. The potential immigration consequences of the convictions were not discussed at the plea or the sentencing proceedings.

The defendant did not take a direct appeal from the judgment, and his time to do so has expired. In October 2014, the United States Department of Homeland Security, Department of Immigration and Customs Enforcement (hereinafter ICE),

commenced removal proceedings to deport the defendant to Jamaica, and he was placed in an ICE detention center in Kearny, New Jersey.

Thereafter, the defendant moved pursuant to CPL article 440 to set aside or reduce his sentence, or, in effect, to vacate his grand larceny conviction, claiming that he was deprived of the effective assistance of counsel by his counsel's failure to advise him of the immigration consequences of his plea and to advocate to the sentencing court for a sentence that would have resulted in the same aggregate prison time but would have avoided the immigration consequences he now faces. Pursuant to federal immigration law, the defendant's conviction for grand larceny and sentence of 1 to 3 years constitutes an "aggravated felony," rendering him mandatorily deportable (see 8 USC § 1227 [a] [2] [A] [iii]). The term "aggravated felony" includes "a theft offense . . . for which the term of imprisonment [is] at least one year" (8 USC § 1101 [a] [43] [G]). Thus, had the defendant received a definite sentence of 364 days on the grand larceny count instead of 1 to 3 years (see Penal Law § 70.00 [4]), his grand larceny conviction would not constitute an aggravated felony under federal immigration law (see People v Aisewomhonio, 131 AD3d 1177, 1178 [2015]; People v Bakare, 280 AD2d 679 [2001]; People v Cuaran, 261 AD2d 169, 170 [1999]). Since the defendant's youthful offender sentence on the burglary conviction was a concurrent, longer sentence, whether he was sentenced to 364 days or 1 to 3 years of imprisonment on the grand larceny conviction would have been immaterial to the aggregate prison time he faced.

The Supreme Court denied the defendant's motion, and a Justice of this Court granted the defendant leave to appeal.

The Supreme Court properly denied that branch of the defendant's motion which was to set aside his sentence, as the sentence imposed upon the conviction of grand larceny in the fourth degree was not "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]).

Since the defendant's claim that he was deprived of the effective assistance of counsel involves a mixed claim that depends, in part, upon matter that would not appear on the record had there been a direct appeal from the judgment, his claims were properly presented in a motion pursuant to CPL 440.10 (see People v Maxwell, 89 AD3d 1108, 1109 [2011]).

Under the circumstances of this case, we find that the defendant established that he was deprived of the effective assistance of counsel, in that there was no "strategic reason" (see People v Gross, 26 NY3d 689, 694 [2016]) for his attorney's

failure to advocate for a sentence that would result in the same overall aggregate prison time for the defendant, but which would have resulted in no mandatory immigration consequences (*see Padilla v Kentucky*, 559 US 356 [2010]; *People v Hernandez*, 22 NY3d 972, 975 [2013]; *see also* 8 USC §§ 1227 [a] [2] [A] [iii]; 1101 [a] [43] [G]). Accordingly, that branch of the defendant's motion which was pursuant to CPL 440.10 (1) (h), in effect, to vacate the judgment should have been granted. Since vacatur of the judgment under these circumstances necessarily includes vacatur of the defendant's plea, we remit the matter to the Supreme Court, Queens County, for further proceedings on indictment No. 1521/11. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.

