■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARKIS A. GUZMAN, Respondent. [57 NYS3d 169]—

Appeal by the People from an order of the Supreme Court, Queens County (Melendez, J.), dated February 26, 2016, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Raciti, J.) rendered January 19, 2006, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant, who is a lawful permanent resident of the United States, was charged with several drug offenses and ultimately agreed to plead guilty to attempted criminal possession of a controlled substance in the third degree pursuant to Penal Law § 220.16 (1). Thereafter, he was placed into custody by the United States Immigration and Customs Enforcement agency, and removal proceedings were commenced against him on the ground that his conviction constituted an "aggravated felony" subjecting him to mandatory deportation. The defendant moved pursuant to CPL 440.10 to vacate his conviction on the ground of ineffective assistance of counsel, asserting that his attorney misadvised him that his plea carried a possibility of deportation when, in fact, it subjected him to mandatory deportation, and failed to negotiate a plea that would not have subjected him to mandatory deportation. At a hearing, the defendant presented evidence that defense counsel was unaware that the recommended plea subjected the defendant to mandatory deportation, that a plea pursuant to Penal Law § 220.16 (12) would have made the defendant eligible for a possible waiver of deportation, and that the People would have consented had defense counsel attempted to negotiate such a plea. The Supreme Court granted the defendant's motion to vacate his conviction, and the People appeal.

The defendant's claim that the Supreme Court misadvised him concerning the immigration consequences of his plea is without merit (*see* CPL 220.50 [7]; *People v Argueta*, 46 AD3d 46 [2007]). However, the defendant established that he was denied the effective assistance of counsel because his counsel

failed to attempt to negotiate a plea to a crime that would not have constituted an aggravated felony under federal law, and therefore would not have subjected him to mandatory deportation. The record establishes that the People were willing to accept a plea to a crime pursuant to Penal Law § 220.16 (12) that would not have subjected the defendant to mandatory deportation and that defense counsel did not make such a request because he was not aware that a plea pursuant to Penal Law § 220.16 (12) would not have subjected the defendant to mandatory deportation (cf. People v Delarossa, 57 AD3d 559 [2008]). Moreover, defense counsel testified at a hearing on the motion to vacate the judgment of conviction that, had he known that a plea pursuant to Penal Law § 220.16 (1) would have subjected the defendant to mandatory deportation, he would have attempted to negotiate a plea under Penal Law § 220.16 (12) and would have advised the defendant not to take the plea that he ultimately took. This evidence supports the court's finding that the defendant was not afforded meaningful representation as guaranteed by the New York Constitution (see generally People v Turner, 5 NY3d 476, 480 [2005]; People v Caban, 5 NY3d 143, 156 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Benevento, 91 NY2d 708, 714 [1998]).

Further, in light of the People's admission that they would have been amenable to such a plea had defense counsel raised the issue, the defendant established that he was prejudiced by defense counsel's conduct in failing to attempt to negotiate a plea that would not have subjected the defendant to mandatory deportation (see People v Pinto, 133 AD3d 787, 792 [2015]). In addition, since the People refused at the time of the hearing on the motion to consent to vacate the defendant's conviction so as to have the case restored to the calendar to allow the defendant to plead pursuant to Penal Law § 220.16 (12), this further establishes that defense counsel's failure to attempt to negotiate a plea pursuant to Penal Law § 220.16 (12) at a time when the People were amenable to such a plea prejudiced the defendant and affected the "fairness of the process as a whole" (see People v Caban, 5 NY3d 143, 156 [2005] [internal quotation marks omitted]).

Accordingly, the Supreme Court properly granted the defendant's motion to vacate his judgment of conviction. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.