People v Cortez (2018 NY Slip Op 02644)





People v Cortez


2018 NY Slip Op 02644


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-13395

[*1]The People of the State of New York, respondent,
v
Erick Cortez, appellant. (S.C.I. No. 2294/15)


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Jimei L. Hon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Dorothy Chin-Brandt, J., at plea; Stephanie Zaro, J., at sentence), imposed March 7, 2016, sentencing him to a definite term of imprisonment of one year upon his conviction of attempted grand larceny in the second degree, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the definite term of imprisonment from one year to 364 days.
Under the circumstances of this case, the defendant's waiver of the right to appeal was invalid (see People v Laboy, 153 AD3d 1363). The plea court's terse oral colloquy regarding the waiver of the right to appeal was insufficient, by itself, to ensure that the waiver was made knowingly, intelligently, and voluntarily (see People v Bradshaw, 18 NY3d 257; People v Brown, 122 AD3d 133). Although the Spanish-speaking defendant signed a written waiver, the document was in English and there is no indication that it was read or thoroughly explained to him (see People v Pelaez, 100 AD3d 803). Accordingly, we reach the merits of the defendant's excessive sentence claim.
Considering all of the relevant circumstances of this case, including the potential immigration consequences to the defendant, we conclude that his sentence should be reduced by one day (see People v Scott, 156 AD3d 913; People v Aisewomhonio, 131 AD3d 1177; People v Weston, [*2]98 AD3d 1066; People v Bakare, 280 AD2d 679).
SCHEINKMAN, P.J., BALKIN, SGROI, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court