People v Bakayoko (2019 NY Slip Op 05677)





People v Bakayoko


2019 NY Slip Op 05677


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2013-02199
 (Ind. No. 281/12)

[*1]The People of the State of New York, respondent,
v
Moussa Bakayoko, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Steven Paynter, J.), imposed January 30, 2013, sentencing him to concurrent indeterminate terms of imprisonment of 2 to 6 years upon his conviction of robbery in the third degree, and 1&frac13; to 4 years upon his conviction of attempted robbery in the third degree, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the concurrent indeterminate terms of imprisonment of 2 to 6 years and 1&frac13; to 4 years to concurrent definite terms of imprisonment of 364 days.
A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, voluntarily, and intelligently (see People v Lopez, 6 NY3d 248, 256; People v Daniels, 160 AD3d 979, 980). The defendant's purported waiver of the right to appeal was invalid. It is not apparent from the face of the record that the defendant had a full appreciation of the consequences and understanding of the waiver of the right to appeal (cf. People v Sanders, 25 NY3d 337, 340). The defendant's responses to the questions posed to him during the plea proceeding did not evince that he knowingly, voluntarily, and intelligently waived the right to appeal.
Given the defendant's age of 20 years, that he had dropped out of high school in the 11th grade, that he had documented mental health issues, and his limited experience in the criminal justice system, the Supreme Court's terse colloquy regarding the appeal waiver was insufficient (see People v Anderson, 170 AD3d 739, 741; People v Fuller, 163 AD3d 715, 715). A written appeal waiver, such as the one signed by the defendant, is "not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Latham, 162 AD3d 1068, 1070 [internal quotation marks omitted]; see People v Anderson, 170 AD3d 739). It is not "sufficient for the trial court to defer to the defendant's off-the-record conversations with defense counsel by merely confirming with defense counsel that he or she has discussed the waiver of the right to appeal with the defendant" (People v Brown, 122 AD3d 133, 141; see People v Anderson, 170 AD3d at 741). Thus, the appeal waiver does not preclude review of the defendant's excessive sentence claim.
Although the defendant has served his respective sentences, the question of whether the sentences imposed should be reduced is not academic, because those sentences may have potential immigration consequences (see People v Broderick, 165 AD3d 972; People v Scott, 156 AD3d 913; People v Aisewomhonio, 131 AD3d 1177, 1178).
Considering all of the relevant circumstances of this case, including the potential immigration consequences to the defendant, his sentences should be reduced to concurrent definite terms of imprisonment of 364 days (see People v Cortez, 160 AD3d 893; People v Scott, 156 AD3d 913; People v Aisewomhonio, 131 AD3d 1177; People v Weston, 98 AD3d 1066).
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court