People v Richards (2019 NY Slip Op 08268)





People v Richards


2019 NY Slip Op 08268


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


689/13 10336A 8/15 10336

[*1] The People of the State of New York, Respondent,
v
Onandi Richards, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Richard Joselson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Order, Supreme Court, Bronx County (George R. Villegas, J.), entered on or about May 4, 2018, which denied defendant's CPL article 440 motion to vacate a judgment of conviction rendered January 30, 2015 and set aside the sentence, unanimously reversed, on the law, the judgment of conviction vacated, and the matter remanded for further proceedings. Appeal from judgment, same court and Justice, rendered January 30, 2015, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him to a term of one to three years, unanimously dismissed, as academic.
The record of the hearing on defendant's CPL article 440 motion establishes that defendant was denied effective assistance of counsel in regard to immigration-related aspects of plea negotiations (see Padilla v Kentucky, 559 US 356, 373 [2010]; see also Lafler v Cooper, 566 US 156, 162 [2012]). The hearing evidence demonstrated that defense counsel had no strategic reason for his failure to seek a sentence "that would result in same overall aggregate prison time for the defendant, but which would have resulted in no mandatory immigration consequences" (People v Moore, 141 AD3d 604, 606 [2d Dept 2016]; see also People v Guzman, 150 AD3d 1259, 1259-60 [2d Dept 2017]).
At the hearing, defense counsel candidly admitted that he did not know, at the time of defendant's plea, what an aggravated felony was, and that he mistakenly believed that defendant's prior youthful offender adjudication, which resulted in a violation of probation charge that was disposed of at the same time as the instant plea, already rendered him deportable. However, New York YO adjudications are not considered criminal convictions for purposes of immigration law (Wallace v Gonzalez, 463 F3d 135, 139, n 3 [2d Cir 2006]).
As a result, counsel focused primarily on ensuring that defendant did not serve extra time on the violation of probation, rather than on the immigration consequences of the plea. Accordingly, he did not attempt to obtain a sentence of less than one year on the third-degree conviction, which would have prevented it from being an aggravated felony, subjecting defendant, who is in removal proceedings, to mandatory deportation (see Moncrieffe v Holder, 569 US 184, 187 [2013]; 8 USC §§ 1101[a][43][G], 1227[a][2][A][iii]). Counsel admitted that he had no strategic reason for not doing so; he simply did not know that defendant's negotiated sentence of one to three years rendered robbery in the third degree an aggravated felony, or that defendant's youthful offender adjudication did not render him deportable.
Because the People had agreed to the total prison time of one to three years to dispose of the robbery and the violation of probation, there was a reasonable probability that they would have agreed to a different, immigration-favorable disposition resulting in the same aggregate prison time (see Lafler v Cooper, 566 US at 163-164). Although the People had rejected an offer of one year on the robbery, defense counsel had not proposed a concurrent sentence of one to three years on the violation of probation. There was no evidence that the People actively sought defendant's deportation. Thus, as counsel testified, had he sought a 364-day sentence on the [*2]robbery conviction and a concurrent sentence of one to three years on the violation of probation, it would have resulted in the same aggregate sentence, and "would have solved everybody's problem."
Finally, defense counsel testified that although it was his general practice to advise defendants of the immigration consequences of their pleas, he did not discuss the possibility of a disposition that would not render defendant deportable. Thus, when the court advised defendant that his guilty plea would subject him to deportation, and defendant then agreed to plead guilty, he did not know there was a way in which a disposition involving the same offenses and aggregate term could be structured to avoid deportation.
In light of this determination, we need not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK