People v Martinez (2020 NY Slip Op 00252)





People v Martinez


2020 NY Slip Op 00252


Decided on January 14, 2020


Appellate Division, First Department


Renwick, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Judith J. Gische
Angela M. Mazzarelli
Peter H. Moulton, JJ.


1544/07 10545 

[*1]The People of the State of New York, Respondent,
v
Angel Martinez, Defendant-Appellant.



Defendant appeals from an order of the Supreme Court,
New York County (Patricia Nuñez, J.), entered on or about June 27, 2018, which denied his CPL 440.10 motion to vacate a June 19, 2007 judgment of conviction.




Lauriano Guzman, Jr., Bronx, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nicole Coviello and Sheila L. Bautista of counsel), for respondent.



RENWICK, J.P.


In April 2007, defendant Angel Martinez, along with his cousin, was arrested and charged with criminal possession of a controlled substance in the third and fourth degrees. The charges stemmed from allegations that the police found drugs in a van that Martinez drove and that his cousin rode in as a passenger. The charges against the cousin were dismissed in 2011, when, at a suppression hearing, the arresting officer had no recollection of the events leading up to the discovery of the drugs and the arrest. As for Martinez, he waived indictment, a few weeks after his arrest, and pleaded guilty to criminal possession of a controlled substance in the fourth degree in exchange for a sentence of probation to be served in Massachusetts. At the time of his plea and sentence, Martinez, who was a permanent resident but not a citizen of the United States, resided with his three children and their mother in Massachusetts. At the time of his arrest, Martinez and his immediate family were temporarily in New York City visiting his family.
In March 2017, Martinez moved to vacate his 2007 conviction pursuant to CPL 440.10, [*2]on the ground that his attorney was ineffective for failing to adequately advise him of the true immigration consequences of his 2007 guilty plea. Specifically, prior to the guilty plea, counsel advised Martinez that the crime to which he was pleading guilty subjected him to deportation but that it was possible that his deportation "would not be compulsory"; and that "if [he] did not get in trouble during his probation, [he] should not worry at all." Counsel never advised Martinez that he was pleading guilty to an aggravated felony that subjected him to mandatory deportation (see Padilla v Kentucky, 559 US 356, 367-369 [2010], citing 8 USC 1 § 227[a][2][b][1]; see also People v McDonald, 1 NY3d 109, 113-115 [2003]; People v Mebuin, 158 AD3d 121, 126 [1st Dept 2017]; People v Doumbia, 153 AD3d 1139, 1140 [1st Dept 2017]).
Supreme Court held a hearing on the CPL 440.10 motion. Martinez testified that he had been living in the United States since 1991 and that in 2002, he was living in Boston, Massachusetts, with his girlfriend, Johanna Guerrero, and their three children. Guerrero, who was no longer his girlfriend, testified, among other things, that in 2007, they were planning to become United States citizens [FN1]. Martinez wanted to improve his English proficiency before applying for US citizenship. Guerrero was "shocked" that Martinez was arrested because he was a "hard-working man." Years later, she found out that Martinez had pleaded guilty to an offense that subjected him to mandatory deportation, and she was very surprised. Martinez's cousin also testified, averring that there had been no drugs in the van, which the cousin had borrowed that day to take Martinez to visit another cousin.
Supreme Court denied Martinez's CPL 440.10 motion to vacate his 2007 conviction, upon a finding that Martinez had failed to establish that counsel's misadvice on the immigration consequences of the 2007 guilty plea prejudiced him. Because it appears that Supreme Court applied the wrong analytical framework to the issue of whether Martinez was prejudiced by the misadvice, we must remand for a de novo hearing on that issue.
Supreme Court found a lack of prejudice essentially because of Martinez's explanation that what triggered his efforts to find out about the immigration consequences of his 2007 guilty plea was the discovery that the conviction was standing in the way of expanding his taxi business to Logan Airport in Boston, Massachusetts. However, for purpose of considering the prejudice prong of Martinez's ineffective assistance claim, it is of no moment what presently motivated Martinez to find out about the immigration consequences of his guilty plea, as these events occurred in 2017, subsequent to Martinez's entry of a guilty plea in 2007. Rather, the appropriate inquiry on the issue of prejudice should have been limited to Martinez's circumstances as they were at the time of the guilty plea [FN2] (Lee v United States, 528 US at ___, ___, 137 S Ct 1958, 1967-1969 [2017]; Roe v Flores-Ortega, 520 US 470, 480 [2000]; People v Gaston, 163 AD3d 442, 445-446 [1st Dept 2017]; People v Picca, 97 AD3d 170, 183-184 [2d Dept 2012]).
In the context of a guilty plea, the ultimate question of prejudice is whether there was a reasonable probability that a reasonable person in a defendant's circumstances would have gone to trial if given constitutionally adequate advice (Lee v United States, __US __, 137 S Ct at 1965). A defendant must convince the court that a decision to reject the plea bargain would have [*3]been rational (id.; Padilla v Kentucky, 559 US at 372; People v McDonald, 1 NY3d at 1113-1114). In that regard, appropriate factors to be weighed include, among others, evidence of defendant's incentive, at the time of his plea, to remain in the United States rather than his native country; his respective family and employment ties at the time of his plea, to the United States, as compared to his country of origin; the strength of the People's case; and defendant's sentencing exposure (People v Gaston, 163 AD3d 442 [1st Dept 2018]; People v Mebuin, 158 AD3d at 126; People v Chacko, 99 AD3d 527, 527 [1st Dept 2012], lv denied 20 NY3d 1060 [2013]; People v Picca, 97 AD3d at 183-186). In answering the prejudice question, judges should be cognizant that a noncitizen defendant confronts a very different calculus than confronts a United States citizen (People v Mebuin, 158 AD3d at 128). For a noncitizen defendant, "preserving [his] right to remain in the United States may be more important to [him] than any jail sentence" (Padilla v Kentucky, 559 US at 368). Thus, a determination of whether it would be rational for a defendant to reject a plea offer "must take into account the particular circumstances informing the defendant's desire to remain in the United States" (People v Picca, 97 AD3d at 183-184).
Significantly, on the record before this Court, there is reason to believe that Martinez would have given paramount importance to avoiding deportation, if he had known that it was more than a mere possibility, but was an unavoidable consequence of his plea to an aggravated felony. Indeed, evidence regarding Martinez's background completely supports his current assertion that his main focus has been always to remain in the United States. This much is undisputed: his long history in the United States, his efforts to become a citizen, his family circumstances, and his gainful employment in Massachusetts, all signal his strong connection to, and desire to remain in, the United States (cf. Lee v United States, __ US __, 137 S Ct at 1962-1963, 1967-1969 [Supreme Court held that under the defendant's circumstances (a lawful permanent resident, who had lived in the US for about 35 years, had established businesses in Tennessee, was the only family member in the US able to care for his elderly parents, had no connections to South Korea, the country of his birth, and had not returned there since he left as a child), rejecting the plea would not have been irrational, where to accept the plea would "certainly lead to deportation."]). Although Martinez made no statements at the plea proceedings about avoiding negative immigration consequences, this is not surprising given counsel's early assurances that there were no immigration consequences to worry about in this case (see Kovacs v United States, 744 F3d 44, 53 [2d Cir 2014]).
Finally, we reject the motion court's suggestion that any prejudice from the misadvice given to Martinez was mitigated by the Court's advice that there "could be" immigration consequences to Martinez's 2007 guilty plea, after which "he still took a chance and pleaded guilty." Although the pleading court warned Martinez of the potential for deportation in accordance with People v Peque (22 NY3d 168 [2013]), his counsel's advice  that there was no such potential if he stayed out of trouble during the period of probation  undermined the court's warning (see People v Corporan, 135 AD3d 485 [1st Dept 2016], lv denied 30 NY3d 983 [2017]). Thus, the court's warning did not obviate the need for a prejudice analysis, which required taking into account the particular circumstances informing defendant's desire to remain in the United States (see People v Mebuin, 158 AD23d at 130; People v Corporan, 135 AD2d 485).
Accordingly, the order of the Supreme Court, New York County (Patricia Nuñez, J.), entered on or about June 27, 2018, which denied defendant's CPL 440.10 motion to vacate a June 19, 2007 judgment of conviction, should be reversed, on the law, and the matter remanded for a hearing, before a different justice, on defendant's claim of prejudice by ineffective assistance of counsel, and for a decision de novo on the motion.
All concur.
Order, Supreme Court, New York County (Patricia Nuñez, J.), entered on or about June [*4]27, 2018, reversed, on the law, and the matter remanded for a hearing, before a different justice, on
defendant's claim of prejudice by ineffective assistance of counsel, and for a decision de novo on the motion.
Opinion by Renwick, J.P. All concur.
Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK



Footnotes

Footnote 1: Guerrero and Martinez separated in 2011. Sometime thereafter, she became a United States citizen. 

Footnote 2: In this case, the proper inquiry should have been whether, in light of his circumstances at the time of the plea in 2007, defendant would have chosen trial versus pleading guilty, receiving probation, and being subject to mandatory deportation.