People v George (2020 NY Slip Op 02852)





People v George


2020 NY Slip Op 02852


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10747 5253/14 1947/15

[*1] The People of the State of New York, Respondent,
v
Rony George, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Chloe Serinsky of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about May 23, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment rendered June 29, 2016, unanimously reversed, on the law, and the matter remanded for a hearing on defendant's claim of ineffective assistance of counsel.
The motion court abused its discretion by denying defendant's CPL 440.10 motion without a hearing, where his motion was supported by adequate allegations of fact to support his claim of ineffective assistance of counsel.
Defendant pled guilty to two counts of criminal sale of a controlled substance in the third degree and one count of conspiracy in the fourth degree in satisfaction of two indictments, and was sentenced to an aggregate term of one year in prison and one year of post-release supervision. The crime to which defendant pled is categorized as an "aggravated felony" for immigration purposes (see 8 USC § 1101[a][43][B]). As a result, he was subject to mandatory deportation and was ineligible to seek asylum (see 8 USC § 1227[a][2][A][iii] and 8 USC § 1158[b][2][B][i]). He completed serving his sentence in late 2016. In April 2018, he was arrested by ICE and has been in immigration detention since then, while fighting his deportation. In his CPL article 440 motion to vacate his judgment, defendant alleged that he was denied effective assistance of counsel because his counsel failed to make any effort to negotiate a plea with less severe immigration consequences (People v Richards, 177 AD3d 469, 471 [1st Dept 2019], lv denied 34 NY3d 1132 [2020]; People v Guzman, 150 AD3d 1259 [2d Dept 2017]; People v Moore, 141 AD3d 604 [2d Dept 2016]; Lafler v Cooper, 566 US 156, 162 [2012]; Padilla v Kentucky, 559 US 356, 373 [2010])[FN1]. The motion court denied defendant's motion without conducting a hearing (see CPL 440.30[4]).
A court must conduct a hearing before denying a CPL article 440 motion unless "[a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true" (CPL 440.30[4][d]; see also People v Caldavado, 26 NY3d 1034 [2015]). Neither of these circumstances was present here.
In fact, the affidavits submitted in support of defendant's motion were uncontradicted and demonstrated a reasonable possibility that his plea counsel was ineffective. In the affirmation submitted by defendant's appellate counsel, she set out the substance of what defendant's plea counsel had told her: that he did not consider immigration consequences either during his negotiation of defendant's plea nor in the ultimate disposition of his case. Defendant also [*2]submitted his own affidavit stating that plea counsel never discussed with him the possibility of seeking a plea with less severe immigration consequences, and that, had he known that plea counsel could have done so, he would have rejected the offered plea. Defendant also set forth in detail the reasons why it was important for him to avoid being deported to the Dominican Republic, and why he would have been willing to accept a longer sentence to avoid deportation.
Where the basis of a claim for ineffective counsel is counsel's failure to attempt to negotiate an immigration friendly plea, defendant has to show that there is a reasonable probability that the People would have made such an offer (People v Young, 150 AD3d 429 [1st Dept 2017], lv denied 29 NY3d 1136 [2017]). If the likelihood that the People would have made such an offer is speculative, then the motion may be denied without a hearing (People v Olivero, 130 AD3d 479 [1st Dept 2015], lv denied 26 NY3d 1042 [2015]). Here, however, defendant's motion shows that there was a reasonable possibility that his plea counsel could have secured a plea deal with less severe immigration consequences. For example, instead of pleading guilty to two counts of criminal sale of a controlled substance in the third degree, a class B felony, he could have offered to plead guilty to two counts of criminal possession of a controlled substance in the fifth degree (see Penal Law § 220.06[5]), a class D felony.
Defendant has adequately alleged that there was a reasonable possibility that the People would have offered defendant such a plea, despite the fact that the drug possession charge is a lesser-included offense to the drug sale charge. First, the People agreed to a sentence of one year in prison and one year of post-release supervision in order to cover defendant's drug offenses. This suggests that there was a reasonable possibility that the People would have agreed to a different, immigration-favorable disposition resulting in the same aggregate prison time (Richards, 177 AD3d at 471, citing Lafler, 566 US at 163-164]). Since the drug possession offense carries a sentencing range between one and two and a half years in prison (Penal Law § 70.70[2][a][iii]), followed by one year of post-conviction relief (Penal law § 70.45[2][a]), if defendant had pled guilty to that charge, the People could have offered defendant the same sentence he ultimately received.
Second, both offenses subject defendant to equally enhanced sentences if he were to be convicted of another felony within 10 years (Penal Law § 70.06).
Third, if the People had only been willing to offer the lesser-included offense together with a longer sentence, defendant might well have been willing to agree to that. As defendant stated in his affidavit, he would have accepted a plea with less severe immigration consequences even if it meant more jail time (see People v Mebuin, 158 AD3d 121, 129 [1st Dept 2017] ["Since deportation is a serious consequence, the equivalent of banishment or exile, we have recognized that a noncitizen defendant may be willing to forgo an otherwise very beneficial deal if it carries the consequence of deportation"] [internal citations and quotation marks omitted]).
Finally, there is no evidence that the People specifically sought a conviction on the drug sales offense in order to secure a harsher immigration consequence for defendant (see Richards, 177 AD3d at 471 [lack of evidence that the People actively sought the defendant's deportation supports a reasonable probability that the People would have agreed to a plea resulting in the same prison time but with less severe immigration consequences]). Although the drug possession offense would still render defendant deportable (see 8 USC § 1227[a][2][B][i]), the offense is not considered an "aggravated felony" for immigration purposes and would not prevent defendant from seeking asylum to avoid deportation (see 8 USC § 1158). Therefore, defendant raises sufficient issues to warrant a hearing as to whether the People would have offered a plea with a less severe immigration consequence had his plea counsel sought one.
Moreover, defendant demonstrated a reasonable possibility that he would have rejected his plea had he known that he could have obtained a sentence that had less harsh immigration consequences. In his affidavit, defendant, now 24, stated that he came to the United States as a teenager from the Dominican Republic to escape from his mother's ex-boyfriend who had physically abused his mother and him, and threatened to kill them. He has since learned that his mother's ex-boyfriend burned down their family home in the Dominican Republic, so that he has neither relatives there nor a place to live. Moreover, he fears that his mother's ex-boyfriend would kill him if he ever returned to the Dominican Republic. Defendant also attached to his [*3]motion 10 letters of support written by his friends and family, all of whom reside in the United States, to demonstrate his attachment to his community and his relationships with community members here. This record credibly demonstrated that defendant placed paramount importance on avoiding deportation and remaining in the United States, and therefore would not have pled guilty if he had known that his plea counsel could have sought a plea with less severe immigration consequences (see People v Martinez, 180 AD3d 190, 194 [1st Dept 2020][the defendant's long history in the United States, his family circumstances and his gainful employment demonstrated that he placed paramount importance on avoiding deportation]).
Defendant established a "reasonable possibility" that the allegations set forth in his CPL article 440 motion are true (CPL 440.30[4][d]). In other words, when the motion "court advised defendant that his guilty plea would subject him to deportation, and defendant then agreed to plead guilty, he did not know there was a way in which a disposition involving the same offenses and aggregate term could be structured to avoid deportation" (Richards, 177 AD3d at 471).
Therefore, the motion court abused its discretion in denying defendant's CPL 440.10 motion without first holding a hearing on his claim that his counsel was ineffective because of his failure to negotiate a plea with less severe potential immigration consequences (CPL 440.30[4][d]; see Richards, 177 AD3d at 471; Mebuin, 158 AD3d at 126).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK



Footnotes

Footnote 1: Defendant also makes other arguments as to why his counsel was ineffective which we reject.