People v Qinghua Ni (2020 NY Slip Op 03621)





People v Qinghua Ni


2020 NY Slip Op 03621


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


4734/16 11719A 11719

[*1] The People of the State of New York, Respondent,
v
Qinghua Ni, Defendant-Appellant.


Siegle & Sims L.L.P., New York (Eric W. Siegle of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 23, 2019, convicting defendant, after a jury trial, of 74 counts of criminal possession of a forged instrument in the second degree, 2 counts of criminal possession of stolen property in the fourth degree, and 1 count of grand larceny in the third degree, and sentencing him to an aggregate term of 1 to 3 years, unanimously dismissed, as abandoned. Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about September 26, 2018, which summarily denied defendant's CPL 440.10 motion to vacate the judgment on the ground of ineffective assistance of counsel, unanimously reversed, on the law, and the matter remanded for a hearing.
A defense attorney's performance is deficient as a matter of law where he or she fails to accurately advise a client of the risk of deportation (see Padilla v Kentucky, 559 US 356, 367-74 [2010]). Here, defendant complains that his counsel overstated the immigration consequences of accepting an offer of a guilty plea to petit larceny by advising him that it would "definitely" result in deportation, when in fact it would only have rendered him deportable with the possibility of discretionary relief. Thus, defendant asserts that he rejected a favorable plea offer based on erroneous advice that the conviction would result in mandatory deportation.
We find that a hearing is necessary to determine whether counsel inaccurately advised defendant of the risk of deportation and if so, whether defendant was prejudiced by the attorney's misadvice (People v Martinez, 180 AD3d 190 [1st Dept 2020]; see also Lee v United States, 582 US __, 137 S Ct 1958, 1966 [2017]). Because we are remanding for a hearing, we find it unnecessary to reach the parties' arguments regarding the proper remedy for a finding of ineffective assistance of counsel.
Although defendant filed a timely notice of appeal from the underlying judgment of conviction, and that appeal was consolidated with the appeal from the order which denied the CPL
440.10 motion, defendant has not made any arguments relating to the direct appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK