People v DeLaRosa (2022 NY Slip Op 07201)

People v DeLaRosa

2022 NY Slip Op 07201

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 3687/05 Appeal No. 16943 Case No. 2022-00418 

[*1]The People of the State of New York, Respondent,
v
Wander Duran DeLaRosa, Defendant-Appellant.

Law Offices of Danielle Neroni, Albany (Angela Kelley of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about February 24, 2021, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered September 13, 2010, unanimously affirmed.
After a hearing, the court properly denied defendant's motion, in which he claimed that his attorney rendered ineffective assistance by misadvising him that he would not be subject to deportation proceedings as a result of his guilty plea (see People v McDonald, 1 NY3d 109, 115 [2003]). There is no basis for disturbing the court's credibility determinations and detailed findings of fact (see People v Mebuin, 181 AD3d 469, 470 [1st Dept 2020], lv denied 35 NY3d 1047 [2020]).
In 2010, after successfully obtaining vacatur of defendant's 2006 drug sale conviction, defense counsel obtained a replacement disposition whereby defendant pleaded guilty to criminal possession of a controlled substance in the third degree based on the weight of the drugs possessed (Penal Law § 220.16[12]). Unlike a conviction based on intent to sell, the new conviction did not constitute an aggravated felony (8 USC § 1101 [a] [43] [B]; People v George, 183 AD3d 436, 438-39 [1st Dept 2020]), which would have resulted in mandatory deportation (8 USC § 1229b [a] [3]). Instead, with regard to this conviction, defendant qualifies to apply for cancellation of deportation proceedings.
Although defense counsel's testimony was unavailable because of his demise, the hearing court properly discredited defendant's testimony that this attorney promised him that this plea would have no immigration consequences. Among other things, the record at the plea allocution contradicted defendant's assertions and no evidence corroborated his claims.
Defendant also failed to satisfy the requirement of prejudice (see Hill v Lockhart, 474 US 52, 58-59 [1985]; People v Parson, 27 NY3d 1107, 1108 [2016]). During the plea allocution, the court specifically warned defendant that his plea to possession of cocaine was a deportable offense, and counsel did not contradict or undermine, nor did defendant question or object to, the court's statements (see People v McDonald, 167 AD3d 430 [1st Dept 2018], lv denied 33 NY3d 951 [2019]). As noted, this was not a plea to an aggravated felony, and it rendered defendant deportable without requiring mandatory deportation, as was the case with the original plea. Accordingly, the court's warning was accurate, and at the hearing, defendant acknowledged that he had understood the plea court's advice about potential negative immigration consequences. Under these circumstances, the evidence does not support defendant's claim that he was prejudiced by any failure by counsel.
The record otherwise shows that defendant pleaded guilty knowingly, intelligently, and voluntarily (see generally People v Harris, 61 NY2d 9, 19 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: December 20, 2022