People v Johnson (2023 NY Slip Op 00965)

People v Johnson

2023 NY Slip Op 00965

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, JJ. 

Ind. No. 3380/16 Appeal No. 10156 Case No. 2022-00647 

[*1]The People of the State of New York, Respondent,
v
Patrick Johnson, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered March 7, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of two years, unanimously affirmed. Purported appeal from a decision of Supreme Court, New York County (Steven M. Statsinger, J.), dated January 13, 2022, dismissed as subsumed in the appeal from the judgment.
We previously held this appeal in abeyance (177 AD3d 484 [1st Dept 2019]) to afford defendant the opportunity to demonstrate a reasonable probability that he would not have pleaded guilty if he had been made aware that his plea would subject him to mandatory deportation. Supreme Court conducted a thorough hearing, and based upon the evidence adduced, the motion court providently found that defendant did not meet that burden.
Initially, we find no basis for disturbing the court's credibility determinations (see People v Pinilla, 164 AD3d 452, 453 [1st Dept 2018], lv denied 32 NY3d 1127 [2018]). The court properly focused on the contemporaneous record to determine defendant's preferences rather than "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" (Jae Lee v United States, 582 US &mdash, &mdash, 137 S Ct 1958, 1967 [2017]). The court had a sound basis for discrediting defendant's testimony that immigration consequences were of paramount concern at the time of his plea. The record reflects that defendant was primarily concerned with his sentencing exposure rather than the immigration consequences of his plea. He received a notice of immigration consequences, and he was directly warned by the court that the charges he faced would subject him to automatic deportation. During the plea colloquy, defendant confirmed that he wished to plead guilty "regardless of any adverse immigration consequences that may result." Furthermore, only a month later, defendant pleaded guilty in two Bronx County cases despite an explicit warning that those convictions would subject him to mandatory deportation. Defendant's arguments for disregarding the Bronx cases are unpersuasive.
In addition, by pleading guilty, defendant received a beneficial disposition, and the People's case against defendant was strong. Although he testified about his incentives to remain in the United States, including his relatives and employment, he also has family in Jamaica, including a young son. Under these circumstances, the motion court appropriately held that defendant failed to establish that he would not have pleaded guilty if he had been advised by his attorney that deportation was
mandatory, and not merely the most likely result of his plea (see People v Martinez, 180 AD3d 190, 193 [1st Dept 2020], lv denied 35 NY3d 972 [2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023