People v Guzman-Caba (2023 NY Slip Op 01593)

People v Guzman-Caba

2023 NY Slip Op 01593

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, A.P.J., Shulman, Rodriguez, Higgitt, JJ. 

SCI No. 348N/14 Appeal No. 16903 Case No. 2015-2126, 2014-02382 

[*1]The People of the State of New York, Respondent,
v
Alberto Guzman-Caba, Defendant-Appellant. 

Labe M. Richman, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Richard M. Weinberg, J.), rendered April 30, 2014, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to five years' probation, held in abeyance pending the outcome of the hearing ordered herein. Order, same court (Robert M. Mandelbaum, J.), entered on or about March 30, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously reversed, on the law, and the matter remanded for a hearing on defendant's claim of ineffective assistance of counsel.
As relevant here, CPL 440.30(4)(d) permits summary denial of a CPL article 440 motion when allegations of fact essential to support the motion are contradicted by a court record or made solely by defendant and are unsupported by any other affidavit or evidence, and there is no "reasonable possibility" that such allegations are true (CPL 440.30[4][d]; see People v George, 183 AD3d 436, 437 [1st Dept 2020]). Here, however, the motion court abused its discretion by summarily denying defendant's CPL 440.10 motion without a hearing, since defendant's motion contained adequately supported allegations of fact for the claim of ineffective assistance of counsel.
Defendant moved to vacate the judgment of conviction based on Padilla v Kentucky (559 US 356 [2010]), which held that criminal defense attorneys must advise noncitizen clients about the deportation risks of a guilty plea. In light of the affidavits from defendant, defendant's plea counsel (indicating no recollection or notation that he discussed immigration consequences with defendant), and his sister, as well as motion counsel's representation that plea counsel admitted in an interview that he was not well-versed in immigration law, defendant presented sufficient evidence that counsel's performance fell below an objective standard of reasonableness, such that a hearing was warranted if a sufficient showing was similarly raised as to prejudice.
Regarding whether defendant was prejudiced by counsel's alleged deficient performance, we also find that defendant's submissions are sufficient to warrant a hearing. Given the length of time defendant has resided in the United States, his ties to the United States, his lack of ties to the Dominican Republic, and his employment history, defendant demonstrated a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and instead proceeded to trial (see People v Lantigua, 184 AD3d 80 [1st Dept 2020], appeal withdrawn 37 NY3d 953 [2021]; People v Martinez, 180 AD3d 190 [1st Dept 2020], lv denied 35 NY3d 972 [2020]; People v Mebuin, 158 AD3d 121 [1st Dept 2017]; People v Samuels, 143 AD3d 401 [1st Dept 2016]).
In sum, a proper determination of the 440.10 motion called for factual findings, and thus the "motion was not susceptible to a decision without first conducting a hearing"(Lantigua, 184 AD3d at 90). The hearing should address [*2]defendant's claim of prejudice in the context of, among other things, whether he is already subject to mandatory deportation based on a prior conviction.
The Decision and Order of this Court entered herein December 15, 2022 on is hereby recalled and vacated (see M-5048) decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023