People v Pedraza

2026 NY Slip Op 03368

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Eugenia Pedraza, Defendant-Appellant.

Decided and Entered: May 28, 2026

Ind No. 58/00|Appeal No. 6737|Case No. 2022-03804|

Before: Gesmer, J.P., Shulman, Rodriguez, O'neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Gabriella Raya Agranat-Getz of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered on or about February 7, 2022, which insofar as appealed from, denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered June 13, 2002, unanimously affirmed.

The court providently exercised its discretion in denying, without a hearing, defendant's motion to vacate the judgment based on her claim of ineffective assistance of counsel by her trial counsel's failure to negotiate an immigration-favorable plea, as that claim was speculative (cf People v George, 183 AD3d 436, 437 [1st Dept 2020]). Moreover, the evidence submitted on the motion failed to establish any reasonable probability that the People would have made such an offer (see Lafler v Cooper, 566 US 156, 163-164 [2012]; People v Olivero, 130 AD3d 479, 480 [1st Dept 2015], lv denied 26 NY3d 1042 [2015]).

To the extent defendant's claim is based on defense counsel's failure to advise her of the adverse immigration consequences of her plea, the court correctly concluded that is not a cognizable basis for vacatur or a hearing. For a defendant whose conviction became final before the United States Supreme Court's decision in Padilla v Kentucky (559 US 356, 373-374 [2010]), such a defendant "has no basis under either the United States or New York Constitutions for claiming that the alleged lack of immigration advice constituted ineffective assistance of counsel" (People v Llibre, 125 AD3d 422, 423 [1st Dept 2013], lv denied 26 NY3d 969 [2015]; see Chaidez v United States, 568 US 343 [2013] [Padilla does not have retroactive application]). Defendant was convicted on June 13, 2002.

THIS CONSTITUTES THE DECISION AND ORDEROF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026