■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARELIS YOUNG, Appellant. [51 NYS3d 409]—

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about September 1, 2011, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction, same court (Arlene Goldberg, J., at plea; Laura A. Ward, J., at sentencing), rendered March 2, 2000, unanimously affirmed.

Since defendant's motion was made entirely on grounds that are not pursued on appeal, her present claims relating to the actions or inactions of the plea court and counsel are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversing the order.

Defendant's claim that the plea court (Arlene D. Goldberg, J.) gave misleading information about the immigration consequences of the plea (*see People v Peque*, 22 NY3d 168, 193-197 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]) is based on the face of the record and therefore is not cognizable on a CPL article 440 motion, notwithstanding that a *Peque* claim may lead to additional fact-finding (*see People v Llibre*, 125 AD3d 422, 423 [1st Dept 2015], *lv denied* 26 NY3d 969 [2015]). Moreover, *Peque* is only retroactive to cases pending on direct appeal (*id.* at 424). In any event, the plea court provided a satisfactory warning of the potential deportation consequences of the plea.

Defendant's claim that her plea counsel rendered ineffective assistance by failing to negotiate a plea with more favorable immigration consequences is unsupported by anything in the record. The claim that a more immigration-favorable plea might have been available is speculative (*see People v Olivero*, 130 AD3d 479, 480 [1st Dept 2015], *lv denied* 26 NY3d 1042 [2015]), and the submissions on the motion fail to establish any reasonable probability that the People would have made such an offer (*see Lafler v Cooper*, 566 US 156, 163-164 [2012]). Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.