People v Arana (2020 NY Slip Op 00290)





People v Arana


2020 NY Slip Op 00290


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-03303
 (Ind. No. 228/17)

[*1]The People of the State of New York, respondent,
v
Sherlock Arana, appellant.


Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jie Gao of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered March 1, 2017, convicting him of assault in the third degree as a hate crime (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea of guilty in accordance herewith, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant contends that he was denied the right to due process of law because he is not a United States citizen and, as the People concede, the Supreme Court failed to address the possibility of deportation as a consequence of the defendant's plea of guilty.
A defendant seeking to vacate a plea based on this failure must demonstrate that there is a "reasonable probability" that he or she would not have entered a plea of guilty and would instead have gone to trial had the court warned of the possibility of deportation (see People v Peque, 22 NY3d 168, 176). Under the circumstances of this case, we remit the matter to the Supreme Court, Queens County, for further proceedings to afford the defendant an opportunity to move to vacate his plea, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea. Any such motion shall be made by the defendant within 60 days after the date of this decision and order, and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Kostyk, 170 AD3d 1042, 1042-1043; People v El Hor, 169 AD3d 713). We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's application.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court