People v Khan (2020 NY Slip Op 03537)





People v Khan


2020 NY Slip Op 03537


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2015-02652
 (Ind. No. 499/90)

[*1]The People of the State of New York, respondent,
v
Javed Khan, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Jie Gao, and Rachel Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from so much of an order of the Supreme Court, Queens County (Daniel Lewis, J.), dated January 13, 2015, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.20 to set aside so much of a sentence of the same court (Seymour Rotker, J.), imposed March 15, 1991, upon his conviction of kidnapping in the second degree under count four of Queens County Indictment No. 499/90, as directed that the sentence shall run consecutively to the sentences imposed upon the defendant's convictions of murder in the second degree under counts one, two, and three of the indictment.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to set aside so much of the sentence imposed upon his conviction of kidnapping in the second degree under count four of the indictment as directed that the sentence shall run consecutively to the sentence imposed upon the defendant's conviction of murder in the second degree under count three of the indictment is granted, the sentence imposed upon the defendant's conviction of kidnapping in the second degree under count four of the indictment shall run concurrently to the sentence imposed upon the defendant's conviction of murder in the second degree under count three of the indictment, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, and for a new determination thereafter of those branches of the defendant's motion which were to set aside so much of the sentence imposed upon his conviction of kidnapping in the second degree under count four of the indictment as directed that the sentence shall run consecutively to the sentences imposed upon the defendant's convictions of murder in the second degree under counts one and two of the indictment.
In 1991, the defendant was convicted of murder in the second degree (three counts), kidnapping in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree (two counts) (see People v Khan, 200 AD2d 129, 135). Count three of the indictment, of which the defendant was convicted, charged him with the felony murder of Deepak Gawri during the commission of the kidnapping of Zulfigar Ali, while count four of the indictment, of which the defendant also was convicted, charged him with kidnapping in the second degree with respect to Zulfigar Ali. The sentences imposed upon the defendant for the murder, robbery, and weapon possession convictions were made to run concurrently with each other, while the sentence [*2]imposed for the kidnapping conviction under count four was made to run consecutively to the sentences imposed upon the murder convictions, including the felony murder conviction under count three. The defendant's judgment of conviction was affirmed on direct appeal (see id. at 142). No sentencing issue was raised on that appeal.
In 2014, the defendant filed the instant postconviction motion in which he moved, in effect, (1) pursuant to CPL 440.10 to vacate the kidnapping conviction on the ground of ineffective assistance of counsel, and (2) pursuant to CPL 440.20 to set aside so much of the sentence imposed on the kidnapping conviction as directed that the sentence shall run consecutively to the sentences imposed upon the murder convictions on the grounds, inter alia, that (a) the imposition of consecutive sentences on the convictions under counts three and four of the indictment was unlawful and those sentences should be made to run concurrently, and (b) the running of the kidnapping sentence under count four consecutively to the murder sentences under counts one, two, and three of the indictment violated his rights to equal protection because one of his codefendants received concurrent sentences on convictions of those same counts. The Supreme Court, construing the motion as one solely pursuant to CPL 440.10, denied the motion as procedurally barred. We granted the defendant leave to appeal.
The Supreme Court erred in construing the defendant's motion as one solely pursuant to CPL 440.10. Rather, the motion also sought resentencing on the basis that the kidnapping sentence "was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20[1]) because it should have been made to run concurrently with the felony murder conviction under count three of the indictment, and it should have been made to run concurrently with all of the murder convictions based on his rights to equal protection. That branch of the motion was properly made pursuant to CPL 440.20 (see CPL 440.20[4]). However, in denying the defendant's motion, the court improperly applied the procedural bars applicable to a motion pursuant to CPL 440.10 to these arguments.
Turning to the merits, we agree with the defendant that, as the People conceded in previous motion practice in this case, the imposition of consecutive sentences for the kidnapping conviction under count four of the indictment and the felony murder conviction under count three of the indictment was unlawful, since the kidnapping of Zulfigar Ali, of which the defendant was convicted under count four of the indictment, also constituted the underlying felony in his murder conviction under count three of the indictment, thereby constituting a "material element" of that crime (Penal Law § 70.25[2]; see People v Parks, 95 NY2d 811). Under these circumstances, those sentences were required to run concurrently, and we modify the judgment accordingly (see People v Faulkner, 36 AD3d 951, 953; People v Riley, 309 AD2d 879, 880).
The Supreme Court failed to address the only remaining issue raised by the defendant on this appeal—that the running of the sentence on the kidnapping conviction consecutively to the sentences on the other murder convictions violated his rights to equal protection. Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of that issue.
The People's remaining contention is without merit.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court