People v Arana (2020 NY Slip Op 05910)





People v Arana


2020 NY Slip Op 05910


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-03303
 (Ind. No. 228/17)

[*1]The People of the State of New York, respondent,
v
Sherlock Arana, appellant.


Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jie Gao of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered March 1, 2017, convicting him of assault in the third degree as a hate crime (2 counts), upon his plea of guilty, and imposing sentence. By decision and order dated January 15, 2020, this Court remitted the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea of guilty, and thereafter for the submission of a report by the Supreme Court on any such motion, and the appeal was held in abeyance in the interim (see People v Arana, 179 AD3d 826). The Supreme Court has filed its report.
ORDERED that the judgment is affirmed.
In a prior decision and order, this Court remitted the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea of guilty based on the failure of the Supreme Court to advise the defendant of the possibility that he would be deported as a consequence of his plea (see People v Arana, 179 AD3d 826). At the hearing upon remittitur, defense counsel indicated that no such motion would be forthcoming. Therefore, since no other issue was raised in the defendant's brief on appeal warranting reversal, we affirm the judgment (see People v El Hor, 173 AD3d 892).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court