People v Ulanov (2020 NY Slip Op 07108)





People v Ulanov


2020 NY Slip Op 07108


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-12068
 (Ind. No. 402/15)

[*1]The People of the State of New York, respondent,
v
Jennifer Ulanov, appellant.


Janet E. Sabel, New York, NY (Whitney Elliott of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Slevin, and
Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered March 2, 2017, convicting her of grand larceny in the second degree, forgery in the second degree (21 counts), and falsifying business records in the first degree (12 counts), upon her plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate her plea of guilty in accordance herewith, and for a report on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
The defendant pleaded guilty to grand larceny in the second degree, forgery in the second degree (21 counts), and falsifying business records in the first degree (12 counts). On appeal, she contends that her due process rights were violated because the record demonstrates that the Supreme Court never advised her of the possibility that she could be deported as a consequence of her guilty plea.
In People v Peque (22 NY3d 168, 196), the Court of Appeals held that "to protect the rights of the large number of noncitizen defendants pleading guilty to felonies in New York, trial courts must now make all defendants aware that, if they are not United States citizens, their felony guilty pleas may expose them to deportation." A defendant seeking to vacate a plea based on the failure to warn of deportation consequences must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of that possibility (id. at 176).
In the present case, the defendant's contention that her due process rights were violated due to the plea court's failure to warn her of the deportation consequences of her plea is excepted from the preservation requirement because, despite notations in the presentence investigation report regarding the defendant's immigration status, the record does not demonstrate that the defendant was aware that she could be deported as a consequence of her guilty plea. Thus, the defendant had no opportunity to move to vacate her plea based on the court's failure to apprise her of that consequence (see People v Peque, 22 NY3d at 183; People v Al-Mullawad, 121 AD3d [*2]1123, 1124; cf. People v Delorbe, 35 NY3d 112; People v Stewart, 142 AD3d 629).
Further, contrary to the People's contention, defense counsel's statement during the plea proceeding that the defendant had informed him that she was a citizen of the United States did not absolve the court of its obligations pursuant to Peque (see People v Palmer, 159 AD3d 118, 121; People v Belliard, 135 AD3d 437, 438; cf. People v Williams, 178 AD3d 1095, 1096). As we explained in People v Williams, "a trial court should not ask a defendant whether he or she is a United States citizen and decide whether to advise the defendant of the plea's deportation consequence based on the defendant's answer. Instead, a trial court should advise all defendants pleading guilty to felonies that, if they are not United States citizens, their felony guilty plea may expose them to deportation" (People v Williams, 178 AD3d at 1096; see People v Palmer, 159 AD3d at 121; see also People v Peque, 22 NY3d at 196).
In People v Williams, in which the defendant had stated on the record at the plea proceeding that he was a United States citizen and the presentence investigation report had been in accord, there was no evidence on the record that the defendant was not a United States citizen. Thus, this Court concluded that any issue relating to the defendant's citizenship status was not properly before the Court on the direct appeal (see People v Williams, 178 AD3d 1096; see also People v Casado 178 AD3d 1070). In contrast, in the present case, the presentence investigation report explained that an "immigration record check" had revealed, among other things, that the defendant was not in the United States "legally."
The defendant's due process claim is thus properly presented on the defendant's direct appeal, and in the absence of the warning required under Peque, we remit the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate her plea, and for a report by the Supreme Court thereafter (see People v Kostyk, 170 AD3d 1042; People v Cole, 159 AD3d 829, 829-830). Any such motion shall be made by the defendant within 60 days after the date of this decision and order (see People v Kostyk, 170 AD3d at 1043; People v Cole, 159 AD3d at 830), and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that she would not have pleaded guilty had the court advised her of the possibility of deportation (People v Peque, 22 NY3d at 176). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate her plea of guilty, and if so, shall set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing (see People v Peque, 22 NY3d at 200-201; People v Cole, 159 AD3d at 830).
In light of the foregoing, we do not address the defendant's remaining contention at this juncture.
BALKIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court