People v Mezquita (2021 NY Slip Op 01010)





People v Mezquita


2021 NY Slip Op 01010


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Ind No. 1725/96 Appeal No. 13140 Case No. 2020-00422 

[*1]The People of the State of New York, Respondent,
v
Marilyn Mezquita, Defendant-Appellant.


Raymond J. Aab, New York, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Order, Supreme Court, New York County (Roger S. Hayes, J.), entered on or about June 18, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered December 19, 1996, unanimously affirmed.
Defendant's contention that she received ineffective assistance of counsel based on an alleged conflict is speculative and unsubstantiated (see People v Konstantinides, 14 NY3d 1, 12 [2009]). Although the same law firm represented defendant and one of her codefendants during the early stages of the proceedings, the codefendant retained separate counsel five months before defendant pleaded guilty. To the extent that there was a conflict, it was merely a potential one, and defendant has failed to demonstrate that it impacted her defense (see People v Wright, 27 NY3d 516 [2016]). Defendant posits a hypothetical situation that might have required her to obtain new counsel, but that situation never arose. To the extent that defendant is alleging that either of her attorneys rendered ineffective assistance by failing to advise her of possible defenses, that claim is conclusory and lacking factual support.
Regardless of whether defendant's remaining claims are cognizable on a CPL 440.10 motion in the first place, those claims are unpreserved because she did not include them in her motion (see People v Young, 150 AD3d 429 [1st Dept 2017], lv denied 29 NY3d 1136 [2017]), and we decline to review them in the interest of justice. As an alternative holding, we find that defendant's claim under People v Peque (22 NY3d 168, 193-197 [2013], cert denied 574 US 840 [2014]) is unavailing because Peque does not apply retroactively to convictions that became final before it was decided (Young, 150 AD3d at 429 ), and we also reject defendant's cruel and unusual punishment claim (see People v Papayne, 159 AD3d 482 [1st Dept 2018], lv denied 31 NY3d 1085 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021