People v Torres (2021 NY Slip Op 02424)





People v Torres


2021 NY Slip Op 02424


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-14919
 (Ind. No. 1867/17)

[*1]The People of the State of New York, respondent,
v
Samuel Torres, appellant.


Janet E. Sabel, New York, NY (Whitney Elliott of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Matthew C. Harnisch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered November 15, 2017, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea of guilty in accordance herewith, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant contends that he was denied due process of law because he is not a United States citizen and, as the People concede, the Supreme Court failed to address the possibility of deportation as a consequence of the defendant's plea of guilty (see People v Peque, 22 NY3d 168; People v Ulanov, 188 AD3d 1271; People v Arana, 179 AD3d 826; People v Mohamed, 171 AD3d 796).
"A defendant seeking to vacate a plea based on this failure must demonstrate that there is a 'reasonable probability' that he or she would not have entered a plea of guilty and would instead have gone to trial had the court warned of the possibility of deportation" (People v Arana, 179 AD3d at 826-827). Here, in the absence of the warning required under People v Peque (22 NY3d at 176), we remit the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea. Any such motion shall be made by the defendant within 60 days after the date of this decision and order, and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (id.; see People v Ulanov, 188 AD3d at 1273; People v Arana, 179 AD3d at 827). We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion [*2]as to the merits of the defendant's motion, should he make one.
In light of the foregoing, we do not address the defendant's remaining contentions at this juncture.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court