People v Bamugo (2021 NY Slip Op 06363)





People v Bamugo


2021 NY Slip Op 06363


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2020-09400
2020-09401

[*1]The People of the State of New York, respondent,
v
Jeriah Bamugo, appellant. (Ind. Nos. 6930/18, 7723/18) Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Kamephis Perez of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from two judgments of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), both rendered February 6, 2020, convicting him of assault in the second degree under Indictment No. 6930/18, and sexual abuse in the first degree under Indictment No. 7723/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the matters are remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty in accordance herewith, and for a report to this Court thereafter limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his pleas of guilty and, if so, whether he has established an entitlement to the withdrawal of his pleas, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
The defendant pleaded guilty to assault in the second degree and sexual abuse in the first degree. On appeal, the defendant contends that his pleas of guilty were not knowing, voluntary, and intelligent because he is not a United States citizen and the Supreme Court never advised him of the possibility that he could be deported as a consequence of his pleas of guilty.
Contrary to the People's contention, the defendant's contention that his due process rights were violated due to the Supreme Court's failure to warn him that his pleas could subject him to deportation is excepted from the requirement of preservation because the record does not demonstrate that the defendant was aware that he could be deported as a consequence of his pleas of guilty (see People v Peque, 22 NY3d 168, 182-183; People v Ulanov, 188 AD3d 1271, 1272). Indeed, here, the record shows that the court failed to address the possibility of deportation as a consequence of the defendant's pleas of guilty (see People v Peque, 22 NY3d at 183; People v Ulanov, 188 AD3d at 1272). Inasmuch as there is no indication in the record that the defendant was aware that he could be deported as a result of his pleas (see People v Ulanov, 188 AD3d at 1272; People v Mohamed, 171 AD3d 796, 797), the defendant had no "practical ability" to object to the court's comment about immigration consequences or to otherwise tell the court, if he chose, that he would not have pleaded guilty if he had known about the possibility of deportation (People v Peque, 22 NY3d at 182; see People v Mohamed, 171 AD3d at 797).
Accordingly, we remit the matters to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty and for a report by the Supreme Court thereafter (see People v Kostyk, 170 AD3d 1042, 1042; People v Cole, 159 AD3d 829, 829-830). Any such motion shall be made by the defendant within 60 days after the date of this decision and order (see People v Kostyk, 170 AD3d at 1043; People v Cole, 159 AD3d at 829-830). Upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court warned him of the possibility of deportation (People v Peque, 22 NY3d at 176). In its report to this Court, the Supreme Court shall set forth whether the defendant moved to vacate his pleas of guilty, and, if so, set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing (see People v Peque, 22 NY3d at 200-201; People v Ulanov, 188 AD3d at 1273).
In light of our determination, we do not address the defendant's remaining contention at this time.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court