People v Jones (2021 NY Slip Op 06701)





People v Jones


2021 NY Slip Op 06701


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-12856
 (Ind. No. 5699/14)

[*1]The People of the State of New York, respondent,
v
Vernon A. Jones, appellant. Patricia Pazner, New York, NY (Paris DeYoung of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered October 17, 2017, convicting him of assault in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion by the defendant, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
Due process requires that a trial court "apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony" (People v Peque, 22 NY3d 168, 176). A defendant seeking to vacate a plea based on a court's failure to provide such a warning must demonstrate that there is a reasonable probability that, had the court informed the defendant of the possibility of deportation, he or she would have rejected the plea and chosen instead to go to trial (see id. at 176).
In this case, the defendant contends that his plea of guilty was not knowing, intelligent, and voluntary because the Supreme Court's discussion of immigration consequences was inadequate, since it never specifically mentioned deportation, and was otherwise confusing. The People argue, among other things, that this contention is unpreserved for appellate review.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea on the same grounds subsequently alleged on appeal or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Delorbe, 35 NY3d 112, 119 [internal quotation marks omitted]; see People v Mohamed, 171 AD3d 796, 797). Thus, as relevant here, a defendant is ordinarily required to preserve the contention that his or her plea of guilty was not knowing, intelligent, and voluntary because the court failed to advise him or her that the plea could expose him or her to the risk of deportation (see People v Pastor, 28 NY3d 1089, 1091).
There is, however, a narrow exception to this general rule. Preservation is not required "where a defendant has no practical ability to object to an error in a plea allocution which [*2]is clear from the face of the record" (People v Peque, 22 NY3d at 182; see People v Mohamed, 171 AD3d at 797). The exception applies where the defendant is unaware of the possibility of deportation during the plea and sentencing proceedings, and, therefore, has no opportunity (as well as no motivation) to move to withdraw his or her plea based on the court's failure to apprise him or her of that potential consequence (see People v Peque, 22 NY3d at 183). A defendant, of course, "can hardly be expected to move to withdraw his [or her] plea on a ground of which he [or she] has no knowledge" (People v Louree, 8 NY3d 541, 546).
In this case, the People contend that the record demonstrates that the defendant was aware that he could be deported as a result of his plea and, consequently, he was required to preserve his claim that the Supreme Court's discussion of this issue during the plea proceeding was inadequate. Specifically, the People point to the defendant's statement during the plea proceeding that he was told to sign a "[CPL 730] document" or else he was "going to get deported." This statement, in the People's view, suggests that the defendant had been told by his lawyer "that, if he did not seek to be found incompetent [to stand trial], then he would be deported after an inevitable conviction." The defendant, however, did not connect being deported to a conviction; instead, he seemed to say that he had been told that he could be deported if he refused to undergo a psychiatric examination. And although the belief that one could be deported for that reason might appear dubious, the defendant, it seems, received this advice around the time that he was found unfit to proceed. The defendant's statement, then, was inadequate to establish his knowledge of the potential deportation consequences of his plea (cf. People v Peque, 22 NY3d at 183; People v Balbuena, 123 AD3d 1384, 1385).
The People further contend that the Supreme Court's statements regarding immigration consequences should have put the defendant on notice that his convictions could render him deportable. The court, however, only advised the defendant of the possibility of "negative immigration consequences"; it never mentioned deportation. Moreover, according to the transcript of the plea proceeding, the court stated to the defendant: "I am asking if you are a United States citizen[,] your conviction may result in negative immigration consequences in the future." This seemed to suggest, if interpreted literally, that the defendant was only at risk for adverse immigration consequences if he were a United States citizen. Given this confusing admonition, we cannot conclude that the defendant had the "practical ability to object to the [adequacy of the] court's statement or to otherwise tell the court, if he chose, that he would not have pleaded guilty if he had known about the possibility of deportation" (People v Mohamed, 171 AD3d at 797 [internal quotation marks omitted]).
Accordingly, we remit the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea. Any such motion shall be made by the defendant within 60 days of the date of this decision and order, and, upon such motion, the defendant will have the burden of establishing that there is a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation (see People v Ulanov, 188 AD3d 1271, 1273; People v Arana, 179 AD3d 826, 827). We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, should he make one.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court