People v Moore (2022 NY Slip Op 01809)





People v Moore


2022 NY Slip Op 01809


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-00585
 (Ind. No. 771/19)

[*1]The People of the State of New York, respondent,
v
Kemar Moore, appellant.


Stacy E. Albin-Leone, Long Beach, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M.C. Leiter and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered December 6, 2019, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Nassau County, to afford the defendant an opportunity to move to vacate his plea of guilty in accordance herewith, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant contends that he was denied due process of law because he is not a United States citizen and, as the People concede, the Supreme Court failed to warn him of the possible deportation consequences of his guilty plea in violation of People v Peque (22 NY3d 168) (see People v Ulanov, 188 AD3d 1271; People v Arana, 179 AD3d 826; People v Mohamed, 171 AD3d 796).
"A defendant seeking to vacate a plea based on this failure must demonstrate that there is a 'reasonable probability' that he or she would not have entered a plea of guilty and would instead have gone to trial had the court warned of the possibility of deportation" (People v Arana, 179 AD3d at 826-827; see People v Peque, 22 NY3d at 176). Here, given the absence of the warning required by Peque, we remit the matter to the Supreme Court, Nassau County, to afford the defendant an opportunity to move to vacate his plea, and thereafter for a report to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea. Any such motion shall be made by the defendant within 60 days after the date of this decision and order, and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Ulanov, 188 AD3d at 1273; People v [*2]Arana, 179 AD3d at 827; People v Kostyk, 170 AD3d 1042, 1042-1043). We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, should he make one.
In light of the foregoing, we do not address the defendant's remaining contentions at this juncture.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court