People v Eberhart (2022 NY Slip Op 50405(U))

[*1]

People v Eberhart (Edward)

2022 NY Slip Op 50405(U) [75 Misc 3d 130(A)]

Decided on May 18, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 18, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570706/19

The People of the State of New York,
Respondent,
against
Edward Eberhart, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (James G. Clynes, J.), rendered September 17, 2019, convicting him, upon his plea
of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (James G. Clynes, J.), rendered September 17, 2019, affirmed. 
Defendant's contention that assigned counsel provided conflicted, ineffective representation
because, at a single court appearance, the prosecutor mentioned an unspecified conflict of interest
is unpreserved and not reviewable on direct appeal because this claim involves factual matters
outside the record concerning the conduct of the defense that should have been raised in a CPL
440.10 motion (see People v
Fermin, 176 AD3d 539 [2019]; People v Peyton, 27 AD3d 402 [2006], lv denied 7 NY3d
793 [2006]). As an alternative holding, we find that the record is lacking in any detail as to
whether an actual or potential conflict existed that would have triggered the court's duty to make
a further inquiry (see generally People v Gomberg, 38 NY2d 307, 314 [1975]; People v Patterson, 177 AD3d
1027 [2019], lv denied 34 NY3d 1131 [2020]). The record does not indicate that
defense counsel simultaneously represented defendant and another client with an opposing
interest (see People v Wright, 27 NY3d 516, 520-521 [2016]) or that her representation
created a potential conflict that impacted the defense (see id.; People v Mezquita, 191 AD3d 541
[2021]). 
Defendant's constitutional speedy trial claim, raised for the first time on appeal, is both
unpreserved and unreviewable (see People v Jordan, 62 NY2d 825 [1984]; People v Card, 107 AD3d 820
[2013], lv denied 21 NY3d 1072 [2013]; People v Capellan, 38 AD3d 393 [2007], lv denied 9 NY3d
873 [2007]), and we decline to review it in the interest of justice. As an alternative holding, to the
extent that the record permits review, we conclude, upon review of the relevant factors (see
People v Taranovich, 37 NY2d 442, 445 [1975]), that defendant's constitutional right to a
speedy trial was not violated. The crimes, two Class B felony drug offenses, were serious, there
is a lack of any apparent prejudice to defendant or significant delay caused by the People, and
defendant was not incarcerated (see
People v Wiggins, 31 NY3d 1, 9-10 [2018]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 18, 2022