People v Moore (2022 NY Slip Op 06821)

People v Moore

2022 NY Slip Op 06821

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-00585
 (Ind. No. 771/19)

[*1]The People of the State of New York, respondent,
v
Kemar Moore, appellant.

Stacy E. Albin-Leone, Long Beach, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M.C. Leiter and Andrew Fukuda of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered December 6, 2019, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. By decision and order dated March 16, 2022, this Court remitted the matter to the Supreme Court, Nassau County, to afford the defendant an opportunity to move to vacate his plea of guilty and thereafter for the submission of a report by the Supreme Court on any such motion. The appeal was held in abeyance pending receipt of the report (see People v Moore, 203 AD3d 953). The Supreme Court has filed its report.
ORDERED that the judgment is affirmed.
In a decision and order dated March 16, 2022, this Court remitted the matter to the Supreme Court, Nassau County, to afford the defendant an opportunity to move to vacate his plea of guilty based on the failure of the Supreme Court to advise the defendant of the possibility of deportation as a consequence of his plea as required by People v Peque (22 NY3d 168) (see People v Moore, 203 AD3d 953). At a hearing upon remittitur, the defendant indicated that no such motion would be forthcoming. In a report to this Court dated May 4, 2022, the Supreme Court advised that the defendant appeared before the court with counsel on May 2, 2022, at which time the defendant stated that he would not be moving to vacate his plea. Since the defendant declined to move to vacate his plea of guilty on the basis of the Supreme Court's failure to advise him of the possibility of deportation, there is no basis to vacate the plea and to reverse the judgment of conviction on this ground (see People v Lopez-Alvarado, 194 AD3d 961, 962; People v Arana, 187 AD3d 1033, 1034; People v Kostyk, 186 AD3d 744, 745).
Contrary to the defendant's contention, he was not deprived of due process by the Supreme Court's failure to hold an Outley hearing prior to imposing an enhanced sentence (see People v Outley, 80 NY2d 702, 713). "Due process requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Murdock, 175 AD3d 1560, 1561; see People v Outley, 80 NY2d at 713). Here, the court did conduct an inquiry which was sufficient to determine whether the defendant had violated the terms of the plea agreement by being rearrested. Therefore, the [*2]defendant's due process rights were not violated by the court's imposition of an enhanced sentence without first conducting an Outley hearing (see People v Murdock, 175 AD3d at 1562).
The defendant's contention that his counsel was ineffective is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court