People v Hernandez (2023 NY Slip Op 01530)

People v Hernandez

2023 NY Slip Op 01530

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-07663
 (Ind. No. 580/18)

[*1]The People of the State of New York, respondent,
v
Jose L. Hernandez, appellant.

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, J.), rendered February 25, 2019, convicting him of assault in the second degree (two counts) and endangering the welfare of a child (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress his statements to law enforcement officials.
ORDERED that the matter is remitted to the County Court, Suffolk County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion by the defendant, and the appeal is held in abeyance in the interim. The County Court, Suffolk County, shall file its report with all convenient speed.
Due process requires that a trial court "apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony" (People v Peque, 22 NY3d 168, 176). A defendant seeking to vacate a plea based on a court's failure to provide such a warning must demonstrate that there is a reasonable probability that, had the court informed the defendant of the possibility of deportation, he or she would have rejected the plea and chosen instead to go to trial (see id. at 176).
In this case, the defendant contends, inter alia, that his plea of guilty should be vacated because the County Court did not advise him of the possibility of deportation as a consequence of his guilty plea. The People argue, among other things, that this contention is unpreserved for appellate review.
A defendant is generally required to preserve a contention that a court failed to advise him or her of the possibility of deportation as a consequence of pleading guilty (see People v Pastor, 28 NY3d 1089, 1090). There is, however, a narrow exception to this general rule. "The exception applies where the defendant is unaware of the possibility of deportation during the plea and sentencing proceedings, and, therefore, has no opportunity (as well as no motivation) to move to withdraw his or her plea based on the court's failure to apprise him or her of that potential consequence" (People v Jones, 200 AD3d 713, 714; see People v Peque, 22 NY3d at 183). A defendant, of course, "can hardly be expected to move to withdraw his [or her] plea on a ground of which he [or she] has no knowledge" (People v Louree, 8 NY3d 541, 546; see People v Jones, 200 AD3d at 714).
Here, the record does not demonstrate either that the County Court mentioned, or that the defendant was otherwise aware of, the possibility of deportation as a consequence of the guilty plea. Thus, the exception to the preservation rule applies (see People v Jones, 200 AD3d at 714-715; People v Mohamed, 171 AD3d 796, 797-798). At the plea proceeding, the court questioned the defendant as to whether he had discussed with defense counsel "the possible negative impact on [his] immigration status as a result of [his] pleas of guilt." The defendant replied: "Yes. I did explain to him that I was concerned about that." The court then inquired whether the defendant had "an opportunity to discuss these pleas and their impact on [his] immigration status with an immigration attorney." In response, the defendant indicated that he had discussed the matter with an immigration attorney, who had informed him of the "possibility" that he would lose "TPS [Temporary Protected Status]." The court did not advise the defendant of the possibility of deportation as a consequence of the guilty plea.
Accordingly, we remit the matter to the County Court, Suffolk County, to afford the defendant an opportunity to move to vacate his plea, and thereafter for a report to this Court limited to the County Court's findings with respect to whether the defendant has moved to vacate his plea of guilty and whether he has established his entitlement to the withdrawal of his plea (see People v Jones, 200 AD3d at 715; People v Bamugo, 199 AD3d 928, 928-929; People v Lopez-Alvarado, 149 AD3d 981, 982). Any such motion shall be made by the defendant within 60 days of the date of this decision and order, and, upon such motion, the defendant will have the burden of establishing that there is a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation (see People v Ulanov, 188 AD3d 1271, 1273; People v Arana, 179 AD3d 826, 827). We hold the appeal in abeyance pending receipt of the court's report. We express no opinion as to the merits of any such motion by the defendant.
In light of our determination, we do not address the defendant's remaining contentions at this time.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court