People v Almonte (2023 NY Slip Op 02531)

People v Almonte

2023 NY Slip Op 02531

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-02178
 (Ind. No. 681/21)

[*1]The People of the State of New York, respondent,
v
Franklin A. Almonte, appellant.

Michelle Parisien, Riverhead, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered October 12, 2021, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.
The defendant contends that he was denied due process of law because he is not a United States citizen and, as the People correctly concede, the County Court failed to warn him of the possible deportation consequences of his plea of guilty in violation of People v Peque (22 NY3d 168) (see People v Ulanov, 188 AD3d 1271, 1272-1273).
The "trial court's failure to provide such advice does not entitle the defendant to automatic withdrawal or vacatur of the plea" (People v Peque, 22 NY3d at 176). "A defendant seeking to vacate a plea based on this failure must demonstrate that there is a 'reasonable probability' that he or she would not have entered a plea of guilty and would instead have gone to trial had the court warned of the possibility of deportation" (People v Arana, 179 AD3d 826, 826-827, quoting People v Peque, 22 NY3d at 176; see People v Moore, 203 AD3d 953, 954). The People do not dispute that the defendant made such a showing here, and thus consent to vacatur of the defendant's plea of guilty. Under these circumstances, and in the interest of judicial economy, we deem it appropriate to reverse the judgment of conviction, vacate the defendant's plea of guilty, and remit the matter for further proceedings on the indictment.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court