People v Jean (2023 NY Slip Op 06380)

People v Jean

2023 NY Slip Op 06380

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2019-08425
2019-10264

[*1]The People of the State of New York, respondent,
v
Paolo Jean, appellant. (Ind. Nos. 7239/18, 1832/19)

Twyla Carter, New York, NY (Ronald Zapata and Jody Ratner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (John G. Ingram, J.), both rendered July 9, 2019, convicting him of criminal possession of a forged instrument in the third degree under Indictment No. 1832/19, and attempted identity theft in the second degree under Indictment No. 7239/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the matters are remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty in accordance herewith, and for a report thereafter to this Court limited to the Supreme Court's findings with respect to whether the defendant has moved to vacate his pleas of guilty and, if so, whether he has established an entitlement to the withdrawal of his pleas, and the appeals are held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
The defendant pleaded guilty to criminal possession of a forged instrument in the third degree and attempted identity theft in the second degree. On appeal, the defendant contends that his pleas of guilty were not knowing, voluntary, and intelligent because he is not a United States citizen and the Supreme Court never advised him of the possibility that he could be deported as a consequence of his pleas of guilty.
The defendant's contention that his due process rights were violated due to the Supreme Court's failure to warn him that his pleas could subject him to deportation is excepted from the requirement of preservation because the record does not demonstrate that the defendant was aware that he could be deported as a consequence of his pleas of guilty (see People v Peque, 22 NY3d 168, 182-183; People v Bamugo, 199 AD3d 928, 928). Indeed, here, the record shows that the court failed to address the possibility of deportation as a consequence of the defendant's pleas of guilty (see People v Peque, 22 NY3d at 183; People v Hernandez, 214 AD3d 900, 901; People v Bamugo, 199 AD3d at 928-929).
Accordingly, we remit the matters to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty and for a report by the Supreme Court [*2]thereafter (see People v Bamugo, 199 AD3d at 929; People v Kostyk, 170 AD3d 1042, 1042). Upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court warned him of the possibility of deportation (People v Peque, 22 NY3d at 176). In its report to this Court, the Supreme Court shall set forth whether the defendant moved to vacate his pleas of guilty and, if so, its determination as to whether the defendant made the requisite showing or failed to make the requisite showing (see id. at 200-201; People v Bamugo, 199 AD3d at 929).
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court