People v Williams

2026 NY Slip Op 02679

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,

v

Omarny Williams, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-11199, (Ind. No. 1721/16)

Cheryl E. Chambers, J.P.

Paul Wooten

Lillian Wan

Phillip Hom, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel), for appellant.

Patricia Pazner, New York, NY (Christian Leo Seno of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the People from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated December 12, 2023. The order, insofar as appealed from, upon reargument, adhered to the original determination in an order of the same court dated October 12, 2023, made after a hearing, granting that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate a judgment of the same court (Charles S. Lopresto, J.) rendered September 13, 2017, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence, and, in effect, granting that branch of the defendant's motion which was, in effect, pursuant to CPL 440.20 to set aside the sentence. The notice of appeal from the order dated October 12, 2023, is deemed to be a premature notice of appeal from the order dated December 12, 2023 (see CPL 460.10[6]).

ORDERED that the order dated December 12, 2023, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated October 12, 2023, granting that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment, and substituting therefor a provision, upon reargument, vacating that determination in the order dated October 12, 2023, and thereupon denying that branch of the motion; as so modified, the order dated December 12, 2023, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

In July 2016, the defendant was indicted under Queens County Indictment No. 1721/16 (hereinafter the subject indictment) for, among other things, robbery in the first degree. In 2017, the defendant, a citizen of Jamaica and lawful permanent resident of the United States, pleaded guilty to robbery in the first degree in full satisfaction of the indictment and in exchange for a promised sentence of eight years' imprisonment, to be followed by five years of postrelease supervision. During the plea proceeding, the Supreme Court asked the defendant whether he was a citizen of the United States, to which the defendant answered "Yes." The court did not provide any instruction to the defendant concerning the potential immigration consequences of his guilty plea. On September 13, 2017, the defendant was sentenced, as promised, to eight years' imprisonment, to be followed by five years of postrelease supervision. During the sentencing proceeding, the court stated that it was required to consider whether the defendant should be afforded youthful offender treatment. The court then determined the following: "So based upon the fact—fact that according to the statute he was not eligible for Y.O. treatment because he's been convicted of a felony and he's [pleaded] guilty, so Y.O. would not be warranted. I've considered it and denied it."

In 2022, the United States Department of Homeland Security initiated a removal proceeding against the defendant on the ground that the defendant had been convicted of robbery in the first degree under the subject indictment. Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment and, in effect, pursuant to CPL 440.20 to set aside the sentence. The defendant contended that trial counsel was ineffective for failing to advise the defendant about the immigration consequences of his guilty plea and for failing to advocate for youthful offender treatment. The defendant also contended that "[r]egardless of [trial] counsel's actions or inactions, the [Supreme] Court failed to advise the Defendant of any immigration consequences." The defendant also contended that the court's failure to properly determine his eligibility for youthful offender treatment required that the sentence be set aside.

In an order dated October 12, 2023, the Supreme Court, following a hearing, determined that the defendant received the effective assistance of counsel. Nonetheless, the court granted that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment on the ground that the court had failed to advise him that the plea of guilty might result in his deportation. The court also, in effect, granted that branch of the defendant's motion which was, in effect, pursuant to CPL 440.20 to set aside the sentence on the ground that the court erred by not properly considering whether the defendant was eligible for youthful offender treatment.

Thereafter, the People moved for leave to reargue their opposition to the defendant's motion. In an order dated December 12, 2023, the Supreme Court, upon reargument, adhered to its prior determination. The People appeal.

The Supreme Court improperly granted that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment on the ground that the court had erred in failing to apprise the defendant of the risk of deportation in connection with his plea. Pursuant to People v Peque (22 NY3d 168, 197), "to protect the rights of the large number of noncitizen defendants pleading guilty to felonies in New York, trial courts must now make all defendants aware that, if they are not United States citizens, their felony guilty pleas may expose them to deportation." Here, the record of the plea proceeding establishes that after the court asked the defendant if he was a United States citizen, the defendant replied that he was, and the court did not thereafter apprise him of any immigration consequences of his plea. The facts relevant to this claim appear on the face of the record of the plea proceeding and were, therefore, subject to review on direct appeal, and the defendant failed to establish that his failure to take an appeal from the judgment was justifiable (see CPL 440.10[2][c]; People v Samaroo, 205 AD3d 822, 825; People v Terrero, 198 AD3d 930, 931; People v Malik, 166 AD3d 650, 653).

Moreover, whether the Supreme Court apprised the defendant of any immigration consequences of his plea did not present a "'mixed claim' of ineffective assistance" (People v DeMicheli, 129 AD3d 743, 744, quoting People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim is based on the face of the record, it is "not cognizable on a CPL article 440 motion, notwithstanding that a Peque claim may lead to additional fact-finding" (People v Young, 150 AD3d 429, 429; see People v Hernandez, 214 AD3d 900, 901; People v Jones, 200 AD3d 713).

Accordingly, the Supreme Court, upon reargument, should have vacated so much of the order dated October 12, 2023, as granted that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment and thereupon denied that branch of the defendant's motion.

However, the Supreme Court correctly determined that the sentencing court did not make an appropriate determination regarding the defendant's eligibility for youthful offender treatment (see CPL 720.10[2][a][ii]; [3]). "Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea agreement" (People v Kimble, 228 AD3d 886, 886 [brackets and internal quotation marks omitted]; see People v Rudolph, 21 NY3d 497, 501). As relevant here, CPL 720.10(1) defines "youth" as "a person charged with a crime alleged to have been committed when he [or she] was at least sixteen years old and less than nineteen years old." An "eligible youth" means "a youth who is eligible to be found a youthful offender" (id. § 720.10[2]). "Every youth is so eligible unless[,]" among other reasons, "such youth [*2]has previously been convicted and sentenced for a felony" (id. § 720.10[2][b]).

Here, although it is undisputed that the defendant was 18 years old at the time of the offense, the Supreme Court determined that the defendant was not an "eligible youth" based upon the court's incorrect determination the defendant had previously "been convicted of a felony and he's [pleaded] guilty." However, it is undisputed that although the defendant had previously pleaded guilty to a felony in an unrelated case, he had not yet been sentenced thereon (see id.).

Accordingly, the Supreme Court, upon reargument, properly adhered to so much of the determination in the order dated October 12, 2023, as, in effect, granted that branch of the defendant's motion which was, in effect, pursuant to CPL 440.20 to set as aside the sentence. Therefore, the matter must be remitted to the Supreme Court, Queens County, for new sentencing proceedings consistent with this purpose (see People v Steele, 244 AD3d 57; People v Khan, 184 AD3d 864; see also People v Middlebrooks, 25 NY3d 516, 527; People v Rosado, 148 AD3d 1058).

CHAMBERS, J.P., WOOTEN, WAN and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court