■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO SALINAS, Appellant. [54 NYS3d 583]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; Charles H. Solomon, J., at suppression decision; Ronald A. Zweibel, J., at plea and sentencing), rendered October 3, 2013, convicting defendant of robbery in the third degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant does not dispute that the police lawfully recovered envelopes containing checks that were stolen during the robbery. However, he claims that the People failed to satisfy their burden of going forward at the suppression hearing to show how stolen cash was also recovered. This claim is unpreserved because counsel did not raise it at the hearing, and the record does not support defendant's claim that "in re[s]ponse to a protest by a party," the issue was "expressly decided" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263-264 [1st Dept 2007]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Although the principal police witness could not recall precisely when, how, and by whom the cash was recovered from defendant, the record makes clear that a search was constitutionally

authorized at each possible juncture. Thus, the People adequately went forward to show that whether the cash was obtained as part of the initial seizure of the envelopes as the result of a frisk on the scene, or pursuant to a search incident to arrest at the precinct, the search was justified. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.