People v Mebuin (2020 NY Slip Op 01587)





People v Mebuin


2020 NY Slip Op 01587


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


598/10 4557

[*1] The People of the State of New York, Respondent,
v
Reuel Mebuin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Robin Nichinsky and Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about June 25, 2019, which, upon remand, denied defendant's CPL 440.10 motion to vacate a judgment rendered February 17, 2010, unanimously affirmed.
We previously held this appeal in abeyance pending a hearing on defendant's CPL 440.10 motion (158 AD3d 121 [1st Dept 2017]). After an evidentiary hearing, Supreme Court denied the motion, finding that defendant received effective assistance of counsel.
We find no basis for reversing the order. There is no basis for disturbing the court's credibility determinations, which are entitled to "great deference" (People v Pinilla, 164 AD3d 452, 453 [1st Dept 2018], lv denied 32 NY3d 1127 [2018]). The record supports the court's finding that defendant failed to show that his counsel's performance "fell below an objective standard of reasonableness" (see People v McDonald, 1 NY3d 109, 113 [2003]). Contrary to defendant's argument, the testimony of defendant's plea counsel does not establish any affirmative misadvice regarding immigration matters, particularly because defendant's guilty plea did not carry mandatory deportation.
Defendant also failed to satisfy the requirement of prejudice. Given the court's credibility findings, the evidence does not support defendant's claim that but for his attorney's allegedly incorrect advice, he would not have pleaded guilty to a misdemeanor with a conditional discharge and would have instead proceeded to trial, risking a felony conviction and prison sentence that would clearly have resulted in deportation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK