People v Mazzini-Martinez (2024 NY Slip Op 03464)

People v Mazzini-Martinez

2024 NY Slip Op 03464

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

SCI. No. 2490/10 Appeal No. 2550 Case No. 2023-04976 

[*1]The People of the State of New York, Respondent,
v
Maximo Mazzini-Martinez, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddigin of counsel), for respondent.

Order, Supreme Court, Bronx County (Margaret L. Clancy, J.), entered on or about May 13, 2016, which, after a hearing, denied defendant's CPL 440.10 motion to vacate a judgment of conviction, unanimously affirmed.
The court properly denied defendant's CPL 440.10 motion, in which he claimed that his counsel rendered ineffective assistance by failing to apprise him of the immigration consequences of his guilty plea. We find no basis for disturbing the court's credibility determinations (see People v Mebuin, 181 AD3d 469, 470 [1st Dept 2020], lv denied 35 NY3d 1047 [2020]). During the plea proceeding, the court asked if there were any potential immigration consequences for defendant, and counsel responded, "Not that I'm aware of at this time." Defendant's guilty plea to attempted criminal possession of a forged instrument in the second degree, however, subjected him to mandatory deportation because the offense, committed within five years of defendant's admission to the United States, constituted a crime of moral turpitude for which the incarceratory sentence was a year or more (see 8 USCA § 1227[a][2][A][i]; Rotimi v Holder, 577 F3d 133, 135 [2d Cir 2009]) and rendered defendant ineligible for cancellation of removal (see 8 USCA § 1229b[a][2], [d][1][B]; Heredia v Sessions, 865 F3d 60, 66 [2d Cir 2017], cert denied 583 US 1057 [2018]). In the context of a guilty plea that triggers mandatory deportation, a noncitizen defendant is deprived of effective assistance if counsel fails to advise the defendant that deportation is presumptively mandatory (Padilla v Kentucky, 559 US 356, 369, 374 [2010]; see People v Pequero, 158 AD3d 421, 422 [1st Dept 2018]).
Here, by failing to advise defendant that his plea would result in mandatory deportation, counsel's performance "fell below an objective standard of reasonableness" (see People v Lopez, 198 AD3d 515, 515 [1st Dept 2021], lv denied 38 NY3d 929 [2022]).
However, defendant failed to establish the prejudice prong of his ineffective assistance claim. Given defendant's testimony that his "top priority" at the time of his plea was to avoid incarceration, the strength of the People's case against him, his strong family ties in his home country of Ecuador, the favorable plea bargain he received that resulted in a probationary sentence, and the potential sentence that he faced if convicted after trial, the court properly determined that defendant failed to establish a reasonable probability that he would have proceeded to trial had counsel informed him that mandatory deportation would result from his plea (see People v Martinez, 180 AD3d 190, 193 [1st Dept 2020], lv denied 35 NY3d 972 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024