People v Tyler (2024 NY Slip Op 06429)

People v Tyler

2024 NY Slip Op 06429

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Ind No. 1042/17 Appeal No. 3286-3286A Case No. 2019-4053 2023-06406 

[*1]The People of the State of New York, Respondent,
v
Taren Tyler, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin G. Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.) rendered April 2, 2019, convicting defendant, after a jury trial, of two counts of criminal sexual act in the first degree and two counts of sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 16 years, unanimously affirmed. Order, same court and Justice, entered on or about January 4, 2023, which, after a hearing on the sole issue of whether defendant was deprived of his right to counsel during jury selection, denied defendant's CPL 440.10 motion to vacate the judgment, and bringing up for review the order, same court and Justice, entered on or about February 18, 2022, which denied the remainder of defendant's CPL 440.10 motion without a hearing, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; see also People v Baque,  NY3d , 2024 NY Slip Op 05244 [2024]). There is no basis for disturbing the jury's credibility determinations. The jury had the advantage of being able to assess the credibility of both the victim and defendant, and "[o]n issues of pure credibility, we must accord deference to the factfinder because the memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by those who see and hear than by those who read the printed narrative" (People v Whatts, 116 AD3d 456, 461 [1st Dept 2014] [internal quotation marks omitted]). Moreover, the evidence, which included text messages between the victim and defendant and DNA evidence, supported the conclusion that defendant engaged in oral and sexual conduct with the victim, and subjected her to sexual conduct, all by forcible compulsion.
We find no basis for reversing the court's order which, after a hearing, denied so much of defendant's CPL 440.10 motion as contended that defendant was deprived of his right to counsel during jury selection. It is well recognized that strategic and tactical decisions concerning the conduct of trials, including jury selection, is counsel's responsibility (see People v Colon, 90 NY2d 824, 826 [1997]). However, the court concluded that trial counsel, whom the court found credible, proffered a rational explanation for his statement, if inartful, that he was using peremptory challenges to strike two potential jurors "over objection" to mean after consultation and concurrence with defendant. Moreover, counsel explained his process for jury selection and juror suitability to the court's satisfaction, and there is nothing in the record that indicates that the decision to exclude the two potential jurors was made solely in deference to defendant, or was against the advice of counsel, or inconsistent with trial strategy (see People v Gottsche, 118 AD3d 1303, 1304 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]). The court's credibility determination is entitled [*2]to great weight under the circumstances (see People v Mebuin, 181 AD3d 469, 470 [1st Dept 2020], lv denied 35 NY3d 1047 [2020]).
The court providently exercised its discretion in denying the remainder of defendant's CPL 440.10 motion without granting a hearing (see People v Delorbe, 35 NY3d 112, 121 [2020]). The record supports the court's findings in which it rejected defendant's claim of ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). The court, which presided over both of defendant's trials, was well positioned to assess generally the effectiveness of counsel, and none of defendant's claims of counsel's purported shortcomings have merit.
Defendant's claim that the court committed a mode of proceedings error is unavailing. Toward the end of the first day of deliberations, the court officer, who had been dispatched to bring the jury out to be dismissed for the day, reported to the court that the jury asked for more time, but he told them he could only provide five minutes at most. The court, with consent of counsel, directed the court officer to advise the jury that if they were close, they could have until 4:45 p.m. The court officer reported back that the jury said they were close and would take the additional time. Shortly thereafter, the jury returned its verdict. Since this limited and harmless communication did not constitute a substantive instruction, there was no improper delegation of judicial authority and no requirement that defendant be present (see People v Bonaparte, 78 NY2d 26, 30 [1991]). To the extent the court officer may have improperly advised the jury they could have five minutes after the court asked to have the jurors brought out to be dismissed for the night, the court then discussed the matter with counsel and "cured" any potential issue by, with counsel's agreement, having the court officer relate to the jury that the court would afford them until 4:45 p.m. if they were close (see People v Singletary, 66 AD3d 564, 565-566 [1st Dept 2009], lv denied 13 NY3d 941 [2010]; People v Lopez, 288 AD2d 118, 119 [1st Dept 2001], affd 99 NY2d 76 [2002]). Thus, defendant was not deprived of his right to be present at all material stages of his trial (see People v Kelly, 5 NY3d 116, 120-121 [2005]). We have considered and rejected defendant's remaining arguments on this issue.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024