People v Gneco (2025 NY Slip Op 00293)

People v Gneco

2025 NY Slip Op 00293

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Ind. No. 1757/18 Appeal No. 3531-3531A Case No. 2019-1930, 2023-05307 

[*1]The People of the State of New York, Respondent,
v
Andy Gneco, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Catherine Taylor Poor of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil Ross, J.), rendered February 11, 2019, convicting defendant, upon his plea of guilty, of robbery in the second degree (two counts) and strangulation in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, and order, same court and Justice, entered on or about June 26, 2023, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously affirmed.
The court properly denied defendant's suppression motion. The People met their burden of going forward at the suppression hearing to show that the police acted lawfully in seizing defendant's hat and cell phone. Although the principal police witness who arrested defendant was not present when these items were seized, a search was constitutionally authorized as a search incident to arrest regardless of whether it was conducted at the scene or at the precinct (see People v Salinas, 151 AD3d 659, 659-660 [1st Dept 2017], lv denied 30 NY3d 953 [2017]).
We find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant did not meet his burden of establishing the facts essential to his motion (see People v Gross, 26 NY3d 689, 693 [2016]). The testimony of defendant's counsel at the grand jury proceeding, whose memory was found by the court to be unreliable, did not establish that defendant was in handcuffs or wearing prison attire when he testified before the grand jury, and did not refute the credible testimony of the People's witnesses. The hearing court's credibility determinations are entitled to great deference, and its findings should be disturbed only if they lack support in the record (see People v Mebuin, 181 AD3d 469, 470 [1st Dept 2020], lv denied 35 NY3d 1047 [2020]). Thus, counsel's failure to object on those grounds did not constitute ineffective assistance. Nor did defendant's counsel at the suppression hearing provide ineffective assistance.
We perceive no basis for reducing defendant's sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025